**United States District Court**

For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

JAMES ROBINSON,

Defendant.

_____/

No. CR 09-00142 DLJ

DETENTION ORDER

For the reasons set forth below, the Court has concluded that the government has established, by clear and convincing evidence, that there is no set of conditions on which Mr. Robinson could be released that would reasonably assure the safety of the community.  It follows that the Court must ORDER MR. ROBINSON DETAINED.

Mr. Robinson has been indicted for knowingly possessing a loaded firearm against the backdrop of prior felony convictions.  According to the proffer that the government made during the detention hearing, Mr. Robinson had a loaded handgun in his waistband when he was originally arrested (by OPD) on these charges in late January.  The officers also found, in plain view in the center console of the vehicle Mr. Robinson was driving, a vial that contained chemical residue of some kind.  Mr. Robinson told the officers that the vial

contained medication that had been prescribed for his girlfriend.  When the residue was tested, however, it turned out to be a mixture of heroin and cocaine.

When Mr. Robinson was arrested he was driving a Porsche 911 that was not registered to him, but to an individual who resides in southern California.  The vehicle was impounded. The next day, according to the government, Mr. Robinson's girlfriend came to the impound lot to retrieve the car.   After being advised that the authorities would not release the car to her unless she presented a notarized authorization to do so from the registered owner, she left, then returned with such an authorization.  The authorities later discovered that the authorization and its notarization had been forged.

Mr. Robinson had been released from local custody when, in late February,  he was re-arrested  on a federal warrant for the same underlying conduct.  Again he was driving the Porsche 911. On this occasion the officers discovered that he possessed some $5,300 in cash, credit cards in another person's name, multiple cell phones, and identification documents in his own name that reflected two different dates of birth.   The authorities impounded the Porsche again.  Again Mr. Robinson's girlfriend showed up to retrieve it.  Again she presented the forged authorization papers.

As described, this recent history inspires no confidence in Mr. Robinson's willingness to abide by the law.  It also suggests that, even though he has had ample opportunity to learn to change his ways, he remains willing to endanger others (e.g., by carrying a loaded gun and by dealing and/or using drugs) while pursuing his own ends.

Mr. Robinson is 30 years old.  He has never had stable employment.  He has never married or fathered any children.  He has, however, one of the lengthiest criminal histories this Court has encountered.  Over the course of his involvement with the criminal justice system he has used six different dates of birth, two different social security numbers, and at least four aliases.  His record reaches back into his early teenage years, when he was referred to Juvenile Court for vehicle theft (1991), for possessing controlled substances and for failing to comply with court orders (1994).  As an adult, he has suffered two convictions for felonies

(narcotics, 1999) and for burglary and grand theft (2005), as well as four for misdemeanors (carrying a concealed weapon, twice for driving on a suspended license, and driving under the influence.

These convictions, however, do not tell the full tale of Mr. Robinson's criminal history. He has 35 failures to appear (some probably are attributable to him being in custody at various times) and his probation or parole has been revoked no fewer than ten times. The bases for some of these revocations include arrests on new charges involving firearms (e.g., in 2003), theft (in 2001), drugs (in 2000, 1999), and failure to appear (in 1998). Mr. Robinson's record reflects an uninterrupted pattern of violating the law – a relentless rejection of the notion that the rules apply to him. Given his history and the government's proffer about his two recent arrests, the Court cannot be reasonably assured that if he were released he would resist the temptation to endanger others by possessing weapons or illegal drugs.

Mr. Robinson must be ORDERED DETAINED.

IT IS SO ORDERED.


Dated: April 24, 2009

_____
WAYNE D. BRAZIL
United States Magistrate Judge